BOOKOUT, Judge,
concurring specially:
I concur in the opinion, but do not concur with the statement that this Court held that there was a discriminatory enforcement of the Sunday Closing Law in Birmingham in our opinion in Simonetti, supra. Simonetti was a plurality opinion with Judges Harris and DeCarlo holding to the view that there was unequal enforcement of the law. Judge Tyson concurred in the reversal primarily on the ground that there was insufficient proof as to the number of employees on duty when the arresting officer arrived. Judge Cates and I dissented.
Significant is the fact that the Supreme Court in denying certiorari stated that such denial should not be considered an expression by that Court on the merits of the case. That Court went on to say:
“Although we are not thus bound to express ourselves on the merits of this controversy, we may add that we think the judgment of reversal could be sustained because, from the recital of facts in the opinion, the proof is insufficient to show that Simonetti had ‘more than four employees on duty at any one time on Sunday’ on the instant occasion.
“We neither approve nor disapprove the language used, the statements of law contained, nor the other conclusions reached, in the balance of the opinion.”
The Supreme Court adopted the primary position expressed by Judge Tyson in our decision, but did not adopt the theory of discriminatory law enforcement in that case. Simonetti v. City of Birmingham, 294 Ala. 192, 314 So.2d 99 (1975).